by reason of such injuries. Plaintiff Yetta Schulman while riding on a trolley car was injured through a collision between the car and defendant, appellant's auto truck.

*Everett W. Bovard, Clarence E. Meller* and *Norman G. Hewitt* for appellant.

*Albert Adams* and *Leon Sanders* for respondent.

Judgment in each case affirmed, with costs; no opinion.

Concur: CARDOZO, Ch. J., POUND, CRANE, ANDREWS, LEHMAN, KELLOGG and O'BRIEN, JJ.

---

DOUGLAS ROBINSON, Appellant, *v.* ABBIE C. BELL, as Administratrix of the Estate of HORACE S. BELL, Deceased, Defendant, and ELIZABETH H. ORTH, Respondent.

*Title — action to determine title to certificate obtained by broker through false representations and placed by his clerk in envelope addressed to customer who had previously ordered and paid for a certificate.*

*Robinson* v. *Bell*, 217 App. Div. 801, affirmed.

(Argued June 17, 1927; decided July 20, 1927.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the third judicial department, entered July 6, 1926, unanimously affirming a judgment in favor of defendant-respondent, entered upon a decision of the court at a Trial Term without a jury. The action was to recover an interim certificate entitling the holder to a bond when issued. Plaintiff had purchased from defendant's intestate, who was a stockbroker, and died insolvent, one certificate and paid for the same though he had not received it. Thereafter intestate through fraudulent representations induced defendant-respondent to deliver to him twenty such certificates which he placed in a safe in his office. The day before the death of intestate a clerk in his office removed one of the certificates from the safe and placed it with a receipt to be signed by plaintiff in an envelope addressed to him and placed it in a box where it was

found after the death of intestate. The trial court held that plaintiff was not a purchaser for a present consideration and awarded to defendant-respondent possession of the certificate.

*John F. O'Brien* for appellant.
*Thomas F. McDermott* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: CARDOZO, Ch. J., POUND, CRANE, ANDREWS, LEHMAN and O'BRIEN, JJ. Not sitting: KELLOGG, J.

---

TOWN OF GREENBURGH, Appellant, *v.* WESTCHESTER LIGHTING COMPANY, Respondent.
(Actions Nos. 1 and 2.)

*Municipal corporations — injunction — gas holders — actions to enjoin erection and maintenance of gas holder.*

*Town of Greenburgh* v. *Westchester Lighting Co.* (2 cases), 217 App. Div. 263, 781, affirmed.

(Argued June 20, 1927; decided July 20, 1927.)

APPEAL, in each of the above-entitled actions, by permission, from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered July 13, 1926, unanimously affirming a judgment in favor of defendant entered upon a dismissal of the complaint by the court on trial at Special Term. The actions were to enjoin the erection and maintenance by the defendant of a gas holder, upon the ground that it was an unlawful structure, because built and maintained without first obtaining a permit therefor from the plaintiff's town board, in accordance with certain regulatory health ordinances.

*Julius Henry Cohen, Bernard Hershkopf, Ernest F. Griffin* and *Theodore B. Richter* for appellant.

*Chauncey B. Garver, John A. Garver* and *Henry R. Barrett* for respondent.

Judgment in each case affirmed, with costs. Held that the gas tank was properly constructed under ordi-